**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIONE T. FONUA, et al.,

    Plaintiffs,

    v.

MARK MYERS,

    Defendant.
_____/

No. C 05-3647 PJH

**ORDER GRANTING MOTION TO REMAND AND REQUEST FOR FEES**

Plaintiffs' motion to remand came on for hearing before this court on December 7, 2005. Plaintiffs Sione T. Fonua, Samson J. Fonua, Kalake Fonua, and Sione F. Fonua appeared by their counsel John J. Hartford, and defendant Mark Myers appeared by his counsel Richard G. Grotch. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows and for the reasons stated at the hearing.

Plaintiffs filed this action on March 14, 2005, in the Superior Court of California, County of San Mateo, and served defendant by substituted service on July 25, 2005. On August 18, 2005, defendant demurred to the complaint. On September 12, 2005, defendant filed a notice of removal, asserting federal question jurisdiction, and alleging that he had not known until plaintiffs filed their opposition to the demurrer that their lawsuit was predicated upon claims under the federal civil rights laws. Plaintiffs now seek an order remanding the case, arguing that the federal claims were apparent on the face of the complaint and that the notice of removal was filed more than 30 days following service of the summons and complaint.

The removal statutes are construed restrictively, so as to limit removal jurisdiction.

Doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The "well-pleaded" complaint rule makes plaintiff the "master of the claim." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). This means that, absent diversity, a case is removable only where a federal question is presented on the face of the plaintiff's complaint. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2005) § 2:709.

A notice of removal must be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). The 30-day period starts to run only upon the defendant's receipt of an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . removable." Id.

Here, as previously stated on the record, the court finds that the complaint clearly alleges violations of plaintiffs' federal constitutional rights, sufficient to put any reasonable person on notice that the complaint presents federal claims on its face. Accordingly, the court finds that the motion to remand must be GRANTED, and that the case must be remanded to the San Mateo County Superior Court.

Plaintiffs also seek attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that a remand order "may require the payment of just costs and any actual expenses, including attorney fees." At the hearing, although the court found that defendant's notice of removal was frivolous and ordered remand on that basis, the court also denied the request for fees and costs on the ground that it was excessive and overstated. Upon further consideration, however, and in light of the United States Supreme Court's ruling in Martin v. Franklin Capital Corp., __ S.Ct. __ , 2005 WL 3299410 (U.S.) (Dec. 7, 2005), the court finds it appropriate to exercise discretion in favor of awarding a portion of the amount requested by plaintiffs.

In Martin, the Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," and that "[c]onversely, when an objectively reasonable

2

1  basis exists, fees should be denied." Martin, 2005 WL 3299410 at *6.  Although an award of
2  fees is never mandatory, see id. at *3, the Court also emphasized that courts should exercise
3  discretion to award fees in conformance with the purposes underlying the removal statute, see
4  id. at *5-6.

5        Thus, because the court finds that defendant lacked an objectively reasonable basis for
6  seeking removal in this case, the court will award plaintiffs a reasonable attorney's fee.
7  Plaintiffs seek a total of $16,240.00.  This includes $6,405.00 for 18.5 hours spent before the
8  notice of removal was filed (with the notation "discovery"); $9,835.00 for 28.1 hours spend
9  reviewing the notice of removal, conducting legal research relating to the impropriety of
10 removal, and preparing the motion to remand; and $875.00 for 3.2 hours spend reviewing the
11 opposition to the motion and preparing the reply; plus $72.00 for the cost of copying the
12 exhibits to the motion to remand.

13       Plaintiffs may not recover the requested $6,405.00 in fees for the 18.5 hours spent
14 before the notice of removal was filed, as that work is unconnected to the motion to remand.
15 As for the requested $10,710.00 for the 31.3 hours spent on the motion to remand, the court
16 finds that amount to be excessive in light of the work required, and will therefore limit the
17 award to $3,000.00.  The request for $72.00 in copying costs is denied, as plaintiffs have not
18 supported that request with adequate documentation of the reasonableness of the cost (i.e.,
19 number of copies times cost per copy).

20       In accordance with the foregoing, this case is hereby REMANDED to the Superior
21 Court of California, County of San Mateo.  Defendant is ORDERED to pay to plaintiffs, within
22 ten days of the date of this order, the sum of $3,000.00 in attorney's fees for improper
23 removal.

25 **IT IS SO ORDERED.**
26 Dated: December 9, 2005

                                      PHYLLIS J. HAMILTON
                                      United States District Judge